1

2

3      **IN THE UNITED STATES DISTRICT COURT**

4      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

5

6  NANCY A.WILMES,                        CASE NO. 1:12-CV-00247-LJO-GSA

7
                                           **SCHEDULING CONFERENCE ORDER**
8                        Plaintiff,
                                           Initial Disclosure:      June 14, 2012
9
                                           Expert
10                                         Disclosure:              January 18, 2013

11                                         Supplemental
                                           Expert Disclosure:       February 4, 2013
12
                                           Nonexpert
13  vs.                                    Discovery Cutoff:        January 2, 2013

14                                         Expert
                                           Discovery Cutoff:        February 27, 2013
15
                                           Pretrial
16                                         Motion Filing
                                           Deadline:                March 8, 2013
17
                                           Pretrial
18                                         Hearing Deadline:        April 19, 2013

19  BANK OF AMERICA, N.A. et al,           Settlement Conf.:        Not Set

20                                         Pretrial Conf.:          Date:   May 2, 2013
                                                                    Time:  8:30 a.m.
21                       Defendants.                                Dept:   4(LJO)

22                                         Jury Trial:              Date:    June 18, 2013
                                           (3-5 days est.)          Time:  8:30 a.m.
23  _____/                              Dept.:  4 (LJO)

24
          This Court conducted a scheduling conference on May 24, 2012.  Counsel Joseph Creed
25
    appeared telephonically on behalf of Plaintiff Nancy A. Wilmes.  Counsel Kamao Shaw appeared
26
    telephonically  on behalf of Defendants Bank of America, N.A. and Recontrust Company N.A..
27
    Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.
28

                                            1

1. **Amendment To The Parties' Pleadings**

Parties propose that the deadline for amendments to pleadings be set 30 days after completion of discovery.

2. **Consent To Magistrate Judge**

Pursuant to 28 U.S.C. § 636(c), the parties have not consented to conduct all further proceedings in this case, including trial, before the Honorable Gary S. Austin, United States Magistrate Judge. Due to this Court's heavy caseload, the parties are encouraged to consent to conducting further proceedings by a United States Magistrate Judge.

3. **F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties shall exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **June 14, 2012.**

4. **Discovery Cutoffs And Limits**

All non-expert discovery shall be completed no later than **January 2, 2013.**  Initial expert witness disclosures by any party shall be served no later than **January 18, 2013.**  Supplemental expert witness disclosures by any party shall be served no later than **February 4, 2013.**  Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder.  In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness must be  prepared fully to be examined on all subjects and opinions included in the designations.  Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness.  In particular, this Court will enforce preclusion of testimony or other evidence if F.R.Civ.P. 26(e) is not strictly complied with.   All expert discovery shall be completed no later than **February 27, 2013.**

5. **Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive shall be served and filed no later than **March 8, 2013,** and shall be set before the appropriate judge for a hearing to be conducted no later than **April 19, 2013.**

Non-dispositive motions are heard on Fridays at 9:30 a.m., before the Honorable Gary S. Austin,

2

United States Magistrate Judge, in Courtroom 10.  In scheduling such motions, the parties shall comply with Local Rule 230.  Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.  In scheduling such motions, Judge Austin may grant applications for an order shortening time pursuant to Local Rule 6.  However, if a party does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 251.  In addition to filing a joint statement electronically, a copy of the joint statement should also be sent Judge Austin's chambers by email to gsaorders@caed.uscourts.gov.

The parties are advised that unless prior leave of the Court is obtained, all moving and opposition briefs or legal memorandum in civil cases before Judge Austin shall not exceed thirty (30) pages. Reply briefs by the moving party shall not exceed ten (10) pages.  These page limitations do not include exhibits.  Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the Court.

Counsel or pro se parties may appear and argue non-dispositive motions by telephone, providing a written request to so do is made to Judge Austin's Clerk no later than five (5) court days before the noticed hearing date.  In the event that more than one party requests to appear by telephone, it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions will be heard in Courtroom 4 before the Honorable Lawrence O'Neill, United States District Court Judge.  In scheduling such motions, the parties shall comply with Local Rules 230 and 260.

**Motions for Summary Judgment or Summary Adjudication**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to : 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

1   The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed

2   facts.  In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of

3   undisputed facts.

4   In the notice of motion, the moving party shall certify that the parties have met and conferred as

5   ordered above and set forth a statement of good cause for the failure to meet and confer.

6   **6.   Settlement Conference**

7   A Settlement Conference has not been scheduled.  The parties are advised to contact the court if

8   they determine that a settlement conference would be beneficial.

9   Consideration of settlement is a serious matter that requires thorough preparation prior to the

10   settlement conference.  Provided below are the procedures this Court will employ when conducting a

11   settlement conference.

12   A.  Required Pre-Settlement Conference Communications

13   A settlement conference is more likely to be productive if the parties have exchanged written

14   settlement proposals in advance of the conference.  Accordingly, at least twenty-one (21) calendar days

15   prior to the settlement conference, plaintiff's counsel shall submit a written itemization of damages and

16   a good faith *settlement demand* to defendant's counsel with a brief explanation of why the demand is

17   appropriate.  Thereafter, but no later than seven (7) calendar days prior to the settlement conference,

18   defendant's counsel shall submit a good faith written *offer* to plaintiff's counsel with a brief explanation

19   of why the offer is appropriate.

20   On occasion, this process will lead directly to a settlement.  If settlement is not achieved,

21   plaintiff's counsel shall deliver or fax copies of all settlement proposals along with his/her *Confidential*

22   *Settlement Conference Statement* to chambers.  Copies of these documents are not to be filed on the court

23   docket.

24   B.  Confidential Settlement Conference Statement

25   At least four (4) calendar days prior to the settlement conference, the parties shall submit

26   the *Confidential Settlement Conference Statement* to  Judge  Austin's  chambers  via

27   gsaorders@caed.uscourts.gov.  This statement  shall include the following:

28   1.   A list of all elements of each cause of action or affirmative defense pled

1  in the party's respective complaint or answer;

2          2.      A brief statement identifying those facts that support each cause of action

3  or affirmative defense;

4          3.      A description outlining the factual and legal contentions upon which the

5  parties agree or disagree;

6          4.      A description identifying the impediments to settlement, including

7  financial, emotional or legal concerns;

8          5.      A summary of the settlement attempts to date;

9          6.      A statement of the specific relief sought; and

10         7.      A statement identifying any third party (i.e., lien holder, etc.) with a legal

11  interest in this action.

12      C.  Attendance

13      The attorneys who will try the case shall appear at the settlement conference accompanied

14  by the named parties and all persons having authority to negotiate the settlement.[1]  If appropriate,

15  the principal representative shall have approval to settle the action on the terms consistent with

16  the opposing party's most recent demand.

17      D.  Mediation Format

18      A mediation format will be employed during the settlement conference.  The lawyers, the

19  parties, and all representatives must be fully prepared and will be expected to participate.  The

20  Court encourages all participants to be flexible and to reassess their previous positions, as well

21  as put to forth their best efforts toward reaching a mutually agreeable settlement.

22      E.  Duty of Counsel to Set the Settlement Conference Date

23      Counsel shall contact Courtroom Deputy Amanda Bradley to set a settlement conference

24  when all parties agree that participation would be effective, but preferably not later than sixty

25

26      _____

27      [1]Insurance carriers, business organizations, and governmental agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors, et cetera, shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of

28      approval of any settlement offers or agreements.

1  (60) days after the close of discovery.

2  F.  Statements Inadmissible

3  The Court expects full and candid participation during the settlement conference.  With

4  this in mind, statements made by any party or attorney during the settlement conference are not

5  to be used in discovery and will not be admissible at trial.

6  G.  Sanctions

7  Failure to follow this procedure will result in removal of the settlement conference from

8  the Court's calendar and may result in additional sanctions.

9  **7.  Pretrial Conference**

10  This Court sets a pretrial conference for **May 2, 2013, at 8:30 a.m.** in Courtroom 4 and

11  will be heard before District Court Judge Lawrence O'Neill.  The parties are directed to file a

12  joint pretrial statement which complies with the requirements of this Court's Local Rule 281.

13  In addition, the joint pretrial statement should include a brief factual summary and an agreed

14  upon neutral statement of the case.  An additional copy of the joint pretrial statement, carefully

15  prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-

16  mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

17  The parties' attention is directed to this Court's Local Rules 281 and 282.  This Court

18  will insist upon strict compliance with those rules.

19  At the pretrial conference, the Court will set deadlines, among others, to file motions in

20  limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

21  **8.  Trial Date**

22  A three to five day jury trial is set for **June 18, 2013, at 8:30 a.m.** in Courtroom 4

23  before District Court Judge Lawrence O'Neill.  The parties have not requested bifurcation.

24  **9.  Effect Of This Order**

25  This order represents the best estimate of the Court and parties as to the agenda most

26  suitable to dispose of this case.  If the parties determine at any time that the schedule outlined

27  in this order cannot be met, the parties are ordered to notify the Court immediately of that fact

28  so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with

attached exhibits, where appropriate, which establish good cause for granting the relief requested.

      Failure to comply with this order shall result in the imposition of sanctions.


**IT IS SO ORDERED.**

  **Dated:**  __May 24, 2012__             __/s/ **Gary S. Austin**__
                                          **UNITED STATES MAGISTRATE JUDGE**

7