# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY WILMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.;<br>RECONTRUST COMPANY; and DOES 1<br>through 20, Inclusive,<br><br>　　　　Defendants.<br>_____ | 1:12-cv-00247 LJO GSA<br><br>**ORDER ELECTING NOT TO ADOPT THE PARTIES' STIPULATION TO EXTEND CERTAIN DISCOVERY DEADLINES** |

　　　　On May 24, 2012, this Court issued its Scheduling Conference Order, setting all discovery and trial-related deadlines and hearing dates. (Doc. 15.)

　　　　On December 4, 2012, the parties to the action filed a Stipulation to Extend Certain Discovery Deadlines. More particularly, the parties sought to extend the non-expert discovery, initial expert disclosure and expert discovery deadlines, as well as the deadlines pertaining to dispositive motions and hearings. (Doc. 18.)

　　　　For the reasons that follow, the Court will not adopt the parties' stipulation. *See* Local Rule 143(b) (Stipulations are not effective unless approved by the Court).

//

The parties did establish good cause by indicating that, despite "aggressively" seeking to complete discovery within the previously-imposed time limitations, they have been unable to complete all depositions and expert discovery needed and further anticipate that, due to the need for "a great deal of travel for all counsel," the complexity of the issues, and the holiday season making it "difficult to schedule [the remaining] depositions," additional time will be required within which to complete the foregoing.

However, while the parties have made a good cause showing with regard to their need to extend certain deadlines, the agreed upon deadlines cannot be accommodated.  With a jury trial set to commence June 18, 2013, moving these discovery deadlines in the absence of changes to both the pretrial trial conference and the date for jury trial leaves an insufficient amount of time between the filing of pretrial motions and the hearings related thereto.  If the Court were to adopt the parties' stipulation and extend the pretrial motion filing deadline to March 23, 2013 and the hearing deadline to May 10, 2013, that would leave only thirty-nine (39) days between the hearing date and the jury trial.  District Judge Lawrence J. O'Neill requires a minimum of sixty (60) days between the pretrial hearing date and the date set for trial.

The parties may present a stipulation for this Court's consideration that allows for sufficient time between the pretrial motion hearing date and the date set for trial, or the parties may elect to offer alternative dates for the jury trial in order for the Court to accommodate the dates they have already agreed upon in the stipulation filed December 4, 2012.  The parties are advised that Judge O'Neill's trial calendar is heavily congested, however, as of this date, the following dates are available for jury trial: July 23, July 30, August 6, August 13 and August 20, 2013.

//
//
//
//

In conclusion, unless the parties offer a stipulation that complies with the requirements discussed above, the Scheduling Conference Order dated May 24, 2012, and all deadlines and dates referenced therein, remains operative.

IT IS SO ORDERED.

Dated:   **December 5, 2012**                    **/s/ Gary S. Austin**
                                                      UNITED STATES MAGISTRATE JUDGE

3